

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 7, 2018

The Honorable Joseph C. Pickett
Chair, Committee on Environmental Regulation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0197

Re: Whether Proposition 1 and Proposition 7 funds may be used on toll projects (RQ-0192-KP)

Dear Representative Pickett:

You request an opinion regarding whether the Texas Transportation Commission ("Commission") may use Proposition 1 and Proposition 7 funds on toll projects.[1]

Proposition 1 refers to a constitutional amendment proposed by the Legislature in 2013 and approved by the voters in 2014.[2] That constitutional amendment revised article III, section 49-g of the Texas Constitution to require the Comptroller to transfer to the state highway fund revenue received from oil production taxes above a certain amount. See TEX. CONST. art. III, § 49-g(c). Relevant to your request, that section provides: "Revenue transferred to the state highway fund under this subsection may be used only for constructing, maintaining, and acquiring rights-of-way for public roadways *other than toll roads*." *Id.* (emphasis added).

Proposition 7 similarly refers to a constitutional amendment proposed by the Legislature and approved by the voters in 2015.[3] That constitutional amendment adopted article VIII, section 7-c of the Texas Constitution, which requires the Comptroller to transfer to the state highway fund up to $2.5 billion in general sales tax proceeds in excess of $28 billion. *Id.* art. VIII, § 7-c(a). It also requires the Comptroller to transfer to the state highway fund thirty-five percent of the net revenue above $5 billion derived from the tax imposed on the sale, use, or rental of a motor vehicle. *Id.* art. VIII, § 7-c(b). That section restricts the use of the money transferred:

> Money deposited to the credit of the state highway fund under this
> section may be appropriated only to:

---

[1]*See* Letter from Honorable Joseph C. Pickett, Chair, House Comm. on Envtl. Regulation, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 9, 2017), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See* Tex. S.J. Res. 1, 83d Leg., 3d C.S., 2013 Tex. Gen. Laws 5049, 5049–50.

[3]*See* Tex. S.J. Res. 5, 84th Leg., R.S., 2015 Tex. Gen. Laws 5414, 5415–16.

> (1) construct, maintain, or acquire rights-of-way for public roadways *other than toll roads*; or
>
> (2) repay the principal of and interest on general obligation bonds issued as authorized by Section 49-p, Article III, of this constitution.

*Id.* art. VIII, § 7-c(c) (emphasis added).

Thus, in proposing each of these constitutional amendments, the Legislature plainly expressed its intent that the Commission not use the money transferred to the state highway fund under Proposition 1 or Proposition 7 on toll roads. *Id.* art. III, § 49-g(c); *id.* art. VIII, § 7-c(c). Furthermore, the language approved by the voters at each election acknowledged that any funds transferred pursuant to Propositions 1 and 7 would not be used on "toll roads."[4]

Addressing your question requires a construction of the term "toll roads." Texas courts construe constitutional provisions in the same manner as they construe statutes. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). The guiding rule is to discern and give effect to the intent of the provision's drafters. *Id.* Courts rely heavily on the literal text of a constitutional provision to give effect to its plain language. *Id.*; *Doody v. Ameriquest Mortg. Co.*, 49 S.W.3d 342, 344 (Tex. 2001).

The relevant constitutional provisions do not define "toll road," nor has the Legislature defined the term for purposes of the Transportation Code. If the plain language of a constitutional provision is clear and unambiguous, courts give the language of the provision its common everyday meaning. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). The common understanding of the term "toll road" is "a road for the use of which a toll is collected." WEBSTER'S THIRD NEW INT'L DICTIONARY 2405 (2002). Thus, the Commission may not spend state highway funds received under Propositions 1 and 7 to fund any road for the use of which a toll is collected. Construing the term "toll road" becomes more complicated, however, due to the realities of toll roads today.

---

[4]The language approved by the voters through Proposition 1 stated:

> The constitutional amendment providing for the use and dedication of certain money transferred to the state highway fund to assist in the completion of transportation construction, maintenance, and rehabilitation projects, *not to include toll roads.*

Tex. S.J. Res. 1, 83d Leg., 3d C.S., 2013 Tex. Gen. Laws 5049, 5050 (emphasis added). The language approved by the voters through Proposition 7 stated:

> The constitutional amendment dedicating certain sales and use tax revenue and motor vehicle sales, use, and rental tax revenue to the state highway fund to provide funding for *nontolled roads* and the reduction of certain transportation-related debt.

Tex. S.J. Res. 5, 84th Leg., R.S., 2015 Tex. Gen. Laws 5414, 5416 (emphasis added).

Throughout Texas, many roads are tolled for portions of their route but not their entirety. In addition, some lanes of a road may be tolled while others are not. The constitutional provisions restricting the use of funds do not directly address whether the Commission may use the funds on roads that have both tolled and non-tolled components. Further, we find no caselaw interpreting the term "toll road," nor do Texas statutes define the term. The common definition of "toll road" fails to clarify whether a toll road includes a non-tolled portion or lane of a road that also contains tolls. Accordingly, we cannot determine whether a court would construe Propositions 1 and 7 to allow those monies to be used for "toll projects" when those provisions refer to "toll roads."

Unquestionably, the Commission may not withdraw Proposition 1 and Proposition 7 funds from the state highway fund and place them into a general fund for a partially tolled project with no mechanism for ensuring that it spends the funds as constitutionally required, that is, only on non-tolled roads.[5] In your request, you explain that the Commission has "projects that have both tolled and non-tolled components," and you indicate it is "using Prop 1 and Prop 7 monies along with other funding" to fund these projects. Request Letter at 1. After you submitted your request, however, the Commission reversed course and voted to remove the tolled components from several of its long-term construction projects.[6] Until the Legislature and the voters have an opportunity to clarify their intent regarding the appropriate use of Proposition 1 and Proposition 7 funds, the Commission has chosen to delay using the funds on projects with tolled components.

---

[5]There is an indication that the Commission, at least with regard to one project, can provide "separate tracking for all the non-tolled elements," and that it is "able to account for that separately and demonstrate to the public that [it is] not using any of the Prop 1 or 7 . . . money for a toll project." *See* Brief from C. Brian Cassidy, Locke Lord, LLP, Counsel to Cent. Tex. Reg'l Mobility Auth. at 5 (Dec. 12, 2017) (on file with the Op. Comm.) (quoting Tex. Transp. Comm'n Meeting (Oct. 26, 2017) (statement of J. Bruce Bugg, Jr., Chairman, Tex. Transp. Comm'n)). Whether the Commission possesses the ability to track funds accordingly, and whether the Commission does so, are fact questions beyond the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. KP-0046 (2015) at 4 (noting that whether funds are spent in accordance with what the voters approved involves questions of fact that cannot be answered in the opinion process).

[6]*See* Tex. Transp. Comm'n Meeting (Nov. 16, 2017) (statement of J. Bruce Bugg, Jr., Chairman, Tex. Transp. Comm'n).

# S U M M A R Y

The Texas Transportation Commission may not spend state highway funds received pursuant to Propositions 1 and 7 to fund any toll road.   Furthermore, the Commission may not withdraw Proposition 1 and Proposition 7 funds from the state highway fund and place them into a general fund for a partially tolled project with no mechanism for ensuring that it spends the funds as constitutionally required.  The absence of a definition of "toll road" in the constitutional provisions, statutes, or caselaw leaves us unable to determine whether the Commission may use Proposition 1 and Proposition 7 monies on non-tolled portions of toll projects.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee